UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| Amy Allene Thorson and Karley Jo Thorson | Civ. No. 24-cv-03701 (LMP/LIB) |
| Plaintiffs, | |
| vs. | |
| Cristie Cahlin, acting in her individual capacity as a Mahnomen County Child Protection Worker and Julie Hanson, acting in her individual capacity as a Mahnomen County Child Protection Supervisor, | **DEFENDANTS' ANSWER** |
| Defendants. | |

_____

Defendants Cristie Cahlin and Julie Hanson, as and for their Answer to Plaintiffs' Complaint, state and allege as follows:

I.

Defendants deny each and every allegation, matter, statement, and thing contained in Plaintiff's Complaint except as admitted or otherwise qualified herein.

II.

With regard to the allegations made in paragraph 1 of Plaintiffs' Complaint, Defendants acknowledge that Plaintiffs are making the claims as detailed but denies that the claims have merit.

1

III.

Defendants deny the allegations contained in paragraphs 2, 3, 4, and 5 of Plaintiffs' Complaint.

IV.

Upon information and belief, Defendants admit the allegations contained in paragraph 6 of Plaintiffs' Complaint.

V.

With regard to the allegations contained in paragraph 7 of Plaintiffs' Complaint, Defendants admit only that Cahlin is employed by Mahnomen County and is a Child Protection social worker in the Mahnomen County Social Services Department and that her actions at issue in this matter were done in the course and scope of her employment.

VI.

With regard to the allegations contained in paragraph 8 of Plaintiffs' Complaint, Defendants admit only that Hanson is employed by Mahnomen County and is the Director of the Mahnomen County Social Services Department and that her actions at issue in this matter were done in the course and scope of her employment.

VII.

Defendants deny the allegations contained in paragraphs 9 and 10 of Plaintiffs' Complaint.

## VIII.

Defendants deny the allegations contained in paragraph 11 of Plaintiffs' Complaint as stated. By way of further answer, Defendants admit that Plaintiff Amy Thorson and Scott McDonough were involved in a divorce proceeding that involved issues of custody and that on August 15, 2022, McDonough made a report of alleged child maltreatment that was closed without a maltreatment finding.

## IX.

Defendants deny the allegations contained in paragraph 12 of Plaintiffs' Complaint as stated. By way of further answer, Defendants admit only that Cahlin and McDonough grew up in the same town and attended the same high school.

## X.

Defendants deny the allegations contained in paragraphs 13, 14, 15, 16, 17, 18, 19, and 20 of Plaintiffs' Complaint.

## XI.

With regard to the allegations made in paragraphs 21 and 22 of Plaintiffs' Complaint, Defendants acknowledge that Plaintiffs are making the claims as detailed, that this Court has jurisdiction over the claims being asserted, and that venue in this Court is proper. Defendants deny that the claims asserted by Plaintiffs have merit.

## XII.

Upon information and belief, Defendants admit the allegations contained in paragraphs 23, 24 and 25 of Plaintiffs' Complaint.

XIII.

Defendants are without sufficient information to admit or deny the allegations contained in paragraphs 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, and 40 of Plaintiffs' Complaint and therefore deny same and put Plaintiffs to their strict proof thereof.

XIV.

Upon information and belief, Defendants admit the allegations contained in paragraph 41 of Plaintiffs' Complaint.

XV.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 42 of Plaintiffs' Complaint and therefore deny same and put Plaintiffs to their strict proof thereof.

XVI.

Upon information and belief, Defendants admit the allegations contained in paragraph 43 of Plaintiffs' Complaint.

XVII.

Defendants are without sufficient information to admit or deny the allegations contained in paragraphs 44 and 45 of Plaintiffs' Complaint and therefore deny same and put Plaintiffs to their strict proof thereof.

XVIII.

Upon information and belief, Defendants admit the allegations contained in paragraph 46 of Plaintiffs' Complaint.

XIX.

Defendants are without sufficient information to admit or deny the allegations contained in paragraphs 47, 48, 49, 50, 51, 52, 53, 54, 55. 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, and 73 of Plaintiffs' Complaint and therefore deny same and put Plaintiffs to their strict proof thereof.

XX.

Upon information and belief, Defendants admit the allegations contained in paragraph 74 of Plaintiffs' Complaint.

XXI.

Defendants are without sufficient information to admit or deny the allegations contained in paragraphs 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, and 112 of Plaintiffs' Complaint and therefore deny same and put Plaintiffs to their strict proof thereof.

XXII.

Defendants deny the allegations contained in paragraphs 113 and 114 of Plaintiffs' Complaint as stated. By way of further answer, Defendants admit only that Mahnomen County received a report of alleged maltreatment on August 15, 2022.

XXIII.

Defendants deny the allegations contained in paragraphs 115, 116, 117, 118, 119, and 120 of Plaintiffs' Complaint as stated. By way of further answer,

Defendants admit only that Cahlin was hired by Mahnomen County in 2021 and that she was previously employed by Becker County.

XXIV.

Defendants admit the allegations contained in paragraph 121 of Plaintiffs' Complaint.

XXV.

Defendants deny the allegations contained in paragraph 122 of Plaintiffs' Complaint as stated. By way of further answer, Defendants admit only that Cahlin and McDonough went to school together. Defendants deny that there was a conflict of interest in Cahlin handling the maltreatment report in question.

XXVI.

Defendants deny the allegations contained in paragraphs 123 and 124 of Plaintiffs' Complaint.

XXVII.

Defendants generally admit the allegations contained in paragraphs 125 and 126 of Plaintiffs' Complaint.

XXVIII.

Defendants are without sufficient information to admit or deny the allegations contained in paragraphs 127, 128, 129, 130, and 131 of Plaintiffs' Complaint and therefore deny same and put Plaintiffs to their strict proof thereof.

XXIX.

Defendants deny the allegations contained in paragraphs 132, 133, 134, 135, and 136 of Plaintiff's Complaint as stated. By way of further Answer, Defendants admit that the referenced emails, dated September 7 and 18, 2022, were related to a previous child protection investigation and case management case.

XXX.

Defendants deny the allegations contained in paragraph 137 of Plaintiffs' Complaint.

XXXI.

Defendants are without sufficient information to admit or deny the allegations contained in paragraphs 138, 139, 140, 141, 142, and 143 of Plaintiffs' Complaint and therefore deny same and put Plaintiffs to their strict proof thereof.

XXXII.

Defendants deny the allegations contained in paragraphs 144, 145, 146 and 147 of Plaintiffs' Complaint as stated. By way of further answer, Defendants admit only that a prior investigation of sexual abuse resulted in a determination that the allegations were unsubstantiated.

XXXIII.

Defendants are without sufficient information to admit or deny the allegations contained in paragraphs 148, 149, 150, 151, 152, 153, 154, 155, and 156 of Plaintiffs' Complaint and therefore deny same and put Plaintiffs to their strict proof thereof.

### XXXIV.

Defendants deny the allegations contained in paragraph 157 of Plaintiffs' Complaint as stated. By way of further answer, Defendants admit only that a second report of alleged maltreatment was reported to Mahnomen County on December 13, 2022.

### XXXV.

Defendants deny the allegations contained in paragraphs 158, 159, 160, 161 and 162 in Plaintiffs' Complaint.

### XXXVI.

Defendants admit the allegations contained in paragraph 163 of Plaintiffs' Complaint.

### XXXVII.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 164 of Plaintiffs' Complaint and therefore deny same and put Plaintiffs to their strict proof thereof.

### XXXVIII.

Defendants deny the allegations contained in paragraphs 165, 166 and 167 of Plaintiffs' Complaint as stated. By way of further answer, Defendants admit only that Plaintiff Amy Thorson cursed at and hung up on Cahlin when Cahlin contacted her to advise her of the child maltreatment report that had been received by Mahnomen County and that Plaintiff Amy Thorson called Cahlin back and directed Cahlin to her attorney.

XXXIX.

Defendants deny the allegations contained in paragraphs 168, 169, and 170 of Plaintiffs' Complaint.

XL.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 171 of Plaintiffs' Complaint and therefore deny same and put Plaintiffs to their strict proof thereof.

XLI.

Defendants deny the allegations contained in paragraphs 172, 173, 174, and 175 of Plaintiffs' Complaint as stated. By way of further answer, Defendants admit only that Cahlin had contact with Plaintiff Karley Thorsen regarding the child maltreatment report that had been received by Mahnomen County.

XLII.

Defendants generally admit the allegations contained in paragraphs 176 and 177 of Plaintiffs' Complaint.

XLIII.

Defendants deny the allegations contained in paragraph 178 of Plaintiffs' Complaint.

XLIV.

Defendants deny the allegations contained in paragraph 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216,

217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, and 254 of Plaintiffs' Complaint as stated. By way of further answer, Defendants defer to the notes, transcripts and other items in case file for the specific references contained in same and the actions taken relating on the child maltreatment report. Defendants further assert that during the investigation the minor children reported instances of sexual abuse and that, based on the investigation, there was a good faith basis to find that the allegations of child maltreatment were substantiated.

## XLV.

Defendants deny the allegations contained in paragraph 255 of Plaintiffs' Complaint.

## XLVI.

Defendants admit the allegations contained in paragraph 256 of Plaintiffs' Complaint.

## XLVII.

Defendants deny the allegations contained in paragraph 257 and 258 of Plaintiffs' Complaint.

## XLVIII.

Defendants generally admit the allegations contained in paragraph 259 of Plaintiffs' Complaint.

XLIX.

Defendants deny the allegations contained in paragraphs 260 and 261 of Plaintiffs' Complaint.

L.

Defendants deny the allegations contained in paragraphs 262, 263 and 264 of Plaintiffs' Complaint as stated. By way of further answer, Defendants defer to the notes, transcripts and other items in case file for the specific references contained in same and the actions taken relating on the child maltreatment report.

LI.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 265 of Plaintiffs' Complaint and therefore deny same and put Plaintiffs to their strict proof thereof.

LII.

Defendants deny the allegations contained in paragraph 266 of Plaintiffs' Complaint.

LIII.

Defendants deny the allegations contained in paragraphs 267, 268, and 269 of Plaintiffs' Complaint as stated. By way of further answer, Defendants defer to the notes, transcripts and other items in case file for the specific references contained in same and the actions taken relating on the child maltreatment report.

LIV.

Defendants deny the allegations contained in paragraphs 270, 271, 272, 273, 274, and 275 of Plaintiffs' Complaint.

LV.

Defendants admit the allegations contained in paragraph 276 of Plaintiffs' Complaint.

LVI.

Defendants deny the allegations contained in paragraphs 277, 278, 279, 280, 281, 282, 283, and 284 of Plaintiffs' Complaint as stated. By way of further answer, Defendants defer to the notes, transcripts and other items in case file for the specific references contained in same and the actions taken relating on the child maltreatment report.

LVII.

Defendants admit the allegations contained in paragraph 285 of Plaintiff's Complaint.

LVIII.

Defendants are without sufficient information and belief to admit or deny the allegations contained in paragraphs 286 and 287 of Plaintiffs' Complaint and therefore denies same and puts Plaintiffs to their strict proof thereof.

LIX.

Defendants deny the allegations contained in paragraph 288 of Plaintiffs' Complaint as stated. By way of further answer, Defendants defer to the notes,

transcripts and other items in case file for the specific references contained in same and the actions taken relating on the child maltreatment report.

## LX.

Defendants allege that the allegations contained in paragraph 289 of Plaintiffs' Complaint are references to Minnesota Law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants admit that Minn. Stat. § 260E, *et. Seq.*, generally governs the process of child protection matters.

## LXI.

Defendants deny the allegations contained in paragraph 290 of Plaintiff's Complaint.

## LXII.

Defendants allege that the allegations contained in paragraphs 291 and 292 of Plaintiffs' Complaint are references to Minnesota Law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants defer to the cited statutes for the specific language contained therein.

## LXIII.

Defendants deny the allegations contained in paragraphs 293, 294, and 295 of Plaintiffs' Complaint.

## LXIV.

Defendants allege that the allegations contained in paragraph 296 of Plaintiffs' Complaint are references to Minnesota Law to which no responsive

pleading is required. To the extent a responsive pleading is required, Defendants defer to the cited statutes for the specific language contained therein.

## LXV.

Defendants deny the allegations contained in paragraphs 297 and 298 of Plaintiffs' Complaint.

## LXVI.

Defendants allege that the allegations contained in paragraphs 299, 300, and 301 of Plaintiffs' Complaint are references to Minnesota Law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants defer to the cited statutes for the specific language contained therein.

## LXVII.

Defendants deny the allegations contained in paragraphs, 302, 303, and 304 of Plaintiffs' Complaint.

## LXVIII.

Defendants deny the allegations contained in paragraphs 305, 306, 307, and 308 of Plaintiffs' Complaint as stated. By way of further answer, Defendants defer to the notes, transcripts and other items in case file for the specific references contained in same and the actions taken relating on the child maltreatment report.

## LXIX.

Defendants deny the allegations contained in paragraph 309 of Plaintiffs' Complaint.

## LXX.

Defendants admit the allegations contained in paragraph 310 of Plaintiffs' Complaint.

## LXXI.

Defendants deny the allegations contained in paragraph 311 of Plaintiffs' Complaint.

## LXXII.

Defendants deny the allegations contained in paragraph 312 of Plaintiffs' Complaint as stated. By way of further answer, Defendants defer to the notes, transcripts and other items in case file for the specific references contained in same and the actions taken relating on the child maltreatment report.

## LXXIII.

Defendants deny the allegations contained in paragraphs 313, 314, and 315 as stated. By way of further answer, Defendants admit only that the North Dakota State's Attorney's Office declined to file criminal charges against Plaintiffs.

## LXXIV.

Defendants deny the allegations contained in paragraph 316 of Plaintiffs' Complaint.

## LXXV.

Defendants generally admit the allegations contained in paragraph 317 of Plaintiffs' Complaint. By way of further answer, Defendants allege that Defendant Hanson is the Director of Mahnomen County Social Services.

LXXVI.

Defendants deny the allegations contained in paragraph 318 of Plaintiffs'
Complaint.

LXXVII.

Defendants deny the allegations contained in paragraphs 319, 320, 321, 322,
323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 334, 335, 336, 337, 338,
339, 340, 341, 342, 343, 344, 345, and 346 of Plaintiffs' Complaint as stated. By
way of further answer, Defendants defer to the notes, transcripts and other items
in case file for the specific references contained in same and the actions taken
relating on the child maltreatment report and Plaintiffs' reconsideration request.

LXXVIII.

Defendants admit the allegations contained in paragraph 347 of Plaintiffs'
Complaint.

LXXIX.

Defendants deny the allegations contained in paragraph 348 of Plaintiffs'
Complaint.

LXXX.

Defendants admit the allegations contained in paragraph 349 of Plaintiffs'
Complaint.

LXXXI.

Defendants deny the allegations contained in paragraphs 350, 351, 352, 353,
354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370,

371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, and 399 of Plaintiffs' Complaint as stated. By way of further answer, Defendants admit only that the maltreatment determinations were reversed by the Administrative Law Judges assigned to the cases. Defendants defer to the record relating to the appeals and the orders issued relating to same regarding the details of the proceedings and the decisions made following same.

## LXXXII.

Defendants are without sufficient information to admit or deny the allegations contained in paragraphs 400 and 401 of Plaintiffs' Complaint and therefore deny same and put Plaintiffs to their strict proof thereof.

## LXXXIII.

Defendants deny the allegations contained in paragraph 402 and 403 of Plaintiffs' Complaint.

## LXXXIV.

Defendants are without sufficient information to admit or deny the allegations contained in paragraphs 404, 405, 406, and 407 of Plaintiffs' Complaint and therefore deny same and put Plaintiffs to their strict proof thereof.

## LXXXV.

Defendants admit the allegations contained in paragraph 408 of Plaintiffs' Complaint.

LXXXVI.

Defendants are without sufficient information to admit or deny the allegations contained in paragraphs 409, 410, 411, 412, 413, 414, 415, and 416 of Plaintiffs' Complaint and therefore deny same and put Plaintiffs to their strict proof thereof.

LXXXVII.

Defendants are without sufficient information to admit or deny the allegations contained in paragraphs 417 and 418 of Plaintiffs' Complaint and therefore deny same and put Plaintiffs to their strict proof thereof.

LXXXVIII.

Defendants are without sufficient information to admit or deny the allegations contained in paragraphs 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 435, 436, 437, 438, 439, 440, 441, 442, 443, and 444 of Plaintiffs' Complaint and therefore deny same and put Plaintiffs to their strict proof thereof.

LXXXIX.

With regard to the allegations contained in paragraph 445 of Plaintiffs' Complaint, Defendants defer to the responses provided to paragraphs 1-444.

XC.

Defendants allege that the allegations contained in paragraphs 446, 447 and 448 of Plaintiffs' Complaint are statements of law or references to legal authority to which no responsive pleading is required. To the extent a responsive pleading is

required, Defendants defer to the cited authority for the specific language contained therein and to assess its application to Plaintiffs' claims against Defendants.

## XCI.

Defendants deny the allegations contained in paragraph 449 of Plaintiffs' Complaint.

## XCII.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 450 of Plaintiffs' Complaint and therefore deny same and put Plaintiffs to their strict proof thereof.

## XCIII.

Defendants deny the allegations contained in paragraphs 451, 452, 453, 454, 455, and 456 of Plaintiffs' Complaint.

## XCIV.

Defendants allege that the allegations contained in paragraphs 457 and 458 of Plaintiffs' Complaint are statements of law or references to legal authority to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants defer to the cited authority for the specific language contained therein and to assess its application to Plaintiffs' claims against Defendants.

XCV.

With regard to the allegations contained in paragraph 459 of Plaintiffs'
Complaint, Defendants defer to the responses provided to paragraphs 1-458.

XCVI.

Defendants allege that the allegations contained in paragraphs 460 and 461
of Plaintiffs' Complaint are statements of law or references to legal authority to
which no responsive pleading is required. To the extent a responsive pleading is
required, Defendants defer to the cited authority for the specific language
contained therein and to assess its application to Plaintiffs' claims against
Defendants.

XCVII.

Defendants deny the allegations contained in paragraph 462, 463, and 464
of Plaintiffs' Complaint.

XCVIII.

Defendants are without sufficient information to admit or deny the
allegations contained in paragraphs 465, 466, 467, and 468 of Plaintiffs' Complaint
and therefore deny same and put Plaintiffs to their strict proof thereof.

XCIX.

Defendants allege that the allegations contained in paragraphs 469 and 470
of Plaintiffs' Complaint are statements of law or references to legal authority to
which no responsive pleading is required. To the extent a responsive pleading is
required, Defendants defer to the cited authority for the specific language

contained therein and to assess its application to Plaintiffs' claims against Defendants.

## C.

Defendants deny the allegations contained in paragraphs 471, 472, 473, 474, 475, 476, and 477 of Plaintiffs' Complaint.

## CI.

Defendants allege that the allegations contained in paragraphs 478 and 479 of Plaintiffs' Complaint are statements of law or references to legal authority to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants defer to the cited authority for the specific language contained therein and to assess its application to Plaintiffs' claims against Defendants.

## CII.

With regard to the allegations contained in paragraph 480 of Plaintiffs' Complaint, Defendants defer to the responses provided to paragraphs 1-479.

## CIII.

Defendants deny the allegations contained in paragraph 481 of Plaintiffs' Complaint as stated. By way of further answer, Defendants admit that Defendant Hanson is the Director of Mahnomen County Social Services and that, in this role, she has overall responsibility for the work performed in the department, but denies that Defendant Hanson was Defendant Cahlin's direct supervisor.

CIV.

Defendants deny the allegations contained in paragraphs 482, 483, 484, 485, 486, and 487 of Plaintiffs' Complaint.

CV.

Defendants allege that the allegations contained in paragraphs 488 and 489 of Plaintiffs' Complaint are statements of law or references to legal authority to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants defer to the cited authority for the specific language contained therein and to assess its application to Plaintiffs' claims against Defendants.

CVI.

Defendants allege, as and for an affirmative defense, that Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

CVII.

Defendants allege, as and for an affirmative defense, that the doctrines of immunity, including but not limited to, statutory immunity, qualified immunity, quasi judicial immunity, official immunity, discretionary immunity, immunity under Minn. Stat. §260E.34, and discretionary function immunity may apply, both directly and vicariously, to shield them from liability for Plaintiffs' claims.

CVIII.

Defendants allege, as and for an affirmative defense, that they acted in good faith, in accordance with the applicable laws, upon reasonable suspicion of child abuse, and within the appropriate discretion afforded to them in their positions.

CVIX.

Defendants allege, as and for an affirmative defense, that Plaintiffs' claims may be barred by the applicable statute of limitations.

CX.

Defendants deny that Plaintiffs have sustained any actual harm as alleged in the Complaint or otherwise, or in the alternative, allege as and for an affirmative defense, that to the extent that Plaintiffs may have sustained or incurred such harm that Plaintiffs have failed to mitigate such damages.

CXI.

Defendants allege, as and for an affirmative defense, without in any way admitting Plaintiffs' allegations, that should liability attach to Defendants, that such liability is limited as provided by Minnesota Statutes §§ 466.04 and 466.06.

CXII.

Defendants allege, as and for an affirmative defense, that the decisions regarding the custody and visitation of the minor children were made by the District Court prior to the child protection allegations at issue in this matter and the children were never in the custody of Mahnomen County.

CXIII.

As separate, alternative, and affirmative defenses to the Complaint, so as not to waive them until discovery is completed, Defendants allege that the claims in the Complaint may be barred by any of the affirmative defenses contemplated by Rules 8(c) of the Federal Rules of Civil Procedure.

CXIV.

Defendants hereby demand a jury trial on any claim for which a jury is available.

WHEREFORE, Defendants Cristie Cahlin and Julie Hanson demand the following relief:

1.      That Plaintiffs take nothing by their Complaint and that they be denied all of the damages and remedies alleged and requested in Plaintiffs' Complaint or otherwise;

2.      Dismissal of Plaintiffs' Complaint, on its merits, in its entirety, and with prejudice;

3.      Payment of its costs, disbursements, and attorney's fees incurred as a result of Plaintiffs' Complaint;

4.      A trial by jury on the claims for which a jury is available; and

5.      Any and all other relief as the Court deems just and equitable.

QUINLIVAN & HUGHES, P.A.

Dated:  December 2, 2024          By:    /s/Dyan J. Ebert
                                         Dyan J. Ebert # 0237966
                                         Cally Kjellberg-Nelson #0390443
                                         Attorneys for Defendants
                                         PO Box 1008
                                         St. Cloud, MN 56302-1008
                                         (320) 251-1414
                                         debert@quinlivan.com
                                         ckjellberg-nelson@quinlivan.com