## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Amy Allene Thorson and Karley Jo Thorson,

              Plaintiffs,

  v.

Cristie Cahlin, acting in her individual capacity as a Mahnomen County Child Protection Worker and Julie Hanson, acting in her individual capacity as a Mahnomen County Child Protection Supervisor,

              Defendants.

Case No. 24-cv-3701 (LMP/LIB)

**PLAINTIFFS' STATEMENT OF THE CASE**

Plaintiffs Amy and Karley Thorson are sisters who grew up and live in Fargo, North Dakota. Amy Thorson is a mother who shares three children, R.M. (age 9), S.M. (age 7), and F.M. (age 4) with her ex-husband, Scott McDonough. Karley is an elementary school teacher for West Fargo Public schools and a closely involved caregiver for her older sister Amy's children. She has always been like a second mom to them.

Amy and Scott McDonough began having serious marital problems around 2019. They separated in January 2022 and filed for divorce in April 2022. The divorce was highly contentious, and Scott was incredibly hostile towards the Thorson family. Scott, who moved to Waubun, Minnesota after the separation, would frequently call the police and child protection to falsely accuse Amy of drinking around the children and physically and sexually abusing them. Fargo Police and Cass County Child Protection Services easily rejected the baseless claims and took no action against Plaintiffs.

1

Having no luck with North Dakota authorities, Scott turned his attention to Mahnomen County. Defendant Cristie Cahlin is a Child Protection social worker with Mahnomen Couty and Defendant Julie Hanson is the Director of Mahnomen County's Social Services Department. Cahlin was also a former classmate of Scott. On August 15, 2022, Cahlin reached out to Scott regarding a report that he had neglected or abused his and Amy's children. Scott immediately deflected by accusing Amy and Karley of sexually abusing the children. Cahlin spoke to Amy, who denied the allegations and informed Cahlin of the messy divorce and custody battle. After neither R.M. nor S.M. disclosed any abuse in their forensic interviews, Cahlin concluded there was no evidence to substantiate Scott's claims and closed the investigation.

Still, Scott continued harassing Plaintiffs and coaxing R.M. and S.M. to falsely accuse Plaintiffs of sexually abusing them. On December 13, 2022, Cahlin began investigating a second report that Amy and Karley sexually abused S.M. and R.M. Although Cahlin had investigated and closed an unsubstantiated report just weeks before, this time Cahlin abdicated her role to conduct a neutral and thorough investigation of the equally baseless allegations. Cahlin refused to interview Amy or Karley, despite both women reaching out through counsel to request interviews and offer evidence. Instead, Cahlin communicated exclusively with her former classmate Scott. Cahlin knew, but refused to consider, that Scott and Amy were in a contentious divorce and custody battle characterized by Scott hurling numerous false accusations that Plaintiffs physically and sexually abused the children. Cahlin refused to interview Plaintiffs' parents—at whose house the abuse allegedly occurred—even after the parents reached out to give

2

statements. Moreover, Cahlin deliberately overlooked glaring inconsistencies and signs of coaching from R.M.'s forensic interview and ignored that S.M. *never* alleged or disclosed that either Plaintiff physically or sexually abused him.

After just 16 days, Cahlin entered child maltreatment findings against Plaintiffs on December 29, 2022, indicating they had sexually abused R.M. and S.M. Plaintiffs—who were waiting for Cahlin to schedule the interviews they had requested and were entitled to under Minnesota law, Minn. Stat. § 260E.20, subd. 2(b)—were shocked. When Karley asked whether she would be interviewed before the determination was final, Cahlin told her attorney: "If [Karley] wishes to speak to me, let me know. The determination stands regardless." In short: no. Cahlin had no problem trampling Plaintiffs' due-process rights to reach her predetermined outcome. Defendant Julie Hanson, the Director of Cahlin's department, received and reviewed Plaintiffs' requests for reconsideration. Despite the apparent and alarming issues with Cahlin's lack of any reasonable investigation and obvious rush to judgment, Hanson merely rubber stamped the maltreatment findings.

It was not until December 20, 2023—nearly a year after Cahlin's initial finding— that Karley successfully overturned Defendants' false child sexual abuse findings on appeal to the Minnesota Department of Human Services Appeal Division. Still, Plaintiffs' ultimate success on appeal could not reverse the irreparable harm Defendants caused by violating Plaintiffs' constitutional due-process rights. As a result of Defendants' unsupported child maltreatment findings, Amy was separated from her children from December 14, 2022—when Cahlin entered a safety plan recommending no contact in person or by phone or video call—until Scott voluntarily returned S.M. and R.M. to her

care in May 2024 and F.M. in June 2024. She did not see or speak to her children for nearly a year and a half, missing countless milestones and precious memories she can never replace. Cahlin also proactively informed the North Dakota and Minnesota teacher licensing authorities about the maltreatment finding against Karley. Both North Dakota and Minnesota placed her teaching license under review. Karley, who had an unblemished record, was humiliated and her reputation permanently tarnished.

The claims stemming from the facts described above arise under federal law, 42 U.S.C. §§ 1983 and 1988, and the Fourteenth Amendment to the United States Constitution. Plaintiff Amy Thorson has a constitutionally protected liberty interest in the care, custody, and management of her minor children. See Swipies v. Kofka, 419 F.3d 709, 713 (8th Cir. 2005). Plaintiff Karley Thorson has a constitutionally protected liberty interest in her public-school employment and her reputation, honor, and good name as a teacher in West Fargo public schools. See Winegar v. Des Moines Indep. Cmty. Sch. Dist., 20 F.3d 895, 899 (8th Cir. 1994). Plaintiffs had a Fourteenth Amendment procedural due-process right to be given notice and a meaningful opportunity to be heard before Defendants found that they had committed maltreatment of a child by sexual abuse. See Mathews v. Eldridge, 424 U.S. 319, 333-34 (1976). Defendants denied Plaintiffs constitutionally protected due process when they entered child maltreatment findings against Plaintiffs without ever interviewing them and/or collecting and reviewing readily available evidence, despite the facially false and easily disproven nature of the allegations.

4

Plaintiffs seek to recover compensatory and punitive damages for Defendants'

violations of their civil rights. The recoverable damages under Section 1983 include

compensatory damages for the mental and emotional distress caused by the deprivation of

their right to procedural due process, in an amount to be determined by a jury. See Carey

v. Piphus, 435 U.S. 247, 264 (1978). Plaintiffs are compiling a list of their medical

providers relating to their damages. Plaintiffs also seek to recover punitive damages for

Defendants' violation of their civil rights.  See Smith v. Wade, 461 U.S. 30 (1983).

Finally, Plaintiffs are entitled to recover their costs in bringing this suit, including

reasonable attorney's fees, pursuant to 42 U.S.C. § 1988.


Dated: January 8, 2024                          **ROBINS KAPLAN LLP**

                                                _s/Greta A. Wiessner_
                                                Robert Bennett, #6713
                                                Andrew J. Noel, #322118
                                                Kathryn H. Bennett, #0392087
                                                Marc E. Betinsky, #0388414
                                                Greta A. Wiessner, #0401130
                                                Julie C. Moroney, #0504300
                                                800 LaSalle Ave, Suite 2800
                                                Minneapolis, MN 55402
                                                Telephone: 612-349-8500
                                                rbennett@robinskaplan.com
                                                anoel@robinskaplan.com
                                                kbennett@robinskaplan.com
                                                mbetinsky@robinskaplan.com
                                                gwiessner@robinskaplan.com
                                                jmoroney@robinskaplan.com


                                                **RINGSTROM DEKREY PLLP**
                                                Dane DeKrey, #0397334
                                                814 Center Ave., Suite 5
                                                Moorhead, MN 56560

Telephone: 284-0484
dane@ringstromdekrey.com

**Attorneys for Plaintiffs Amy Thorson
and Karley Thorson**