UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Amy Allene Thorson and Karley Jo Thorson<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Cristie Cahlin, acting in her individual capacity as a Mahnomen County Child Protection Worker and Julie Hanson, acting in her individual capacity as a Mahnomen County Child Protection Supervisor,<br><br>　　　　　Defendants. | Case No. 24-3701-LMP/LIB<br><br>**RULE 26(F) REPORT** |

　　　The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, via Zoom virtual conferencing on December 19, 2024, and prepared the following report.

(a) Description of the Case.

　　　(1) Concise factual summary of plaintiff's claims:

　　　Amy Thorson is a mother who shares three children with her ex-husband, Scott McDonough. Her younger sister Karley is an elementary school teacher for West Fargo Public schools. Scott and Amy began a contentious divorce and custody battle in 2022. Scott, who had moved to Mahnomen County, Minnesota, repeatedly, falsely accused Amy and Karley (who was closely involved in caring for the children) of physically and sexually abusing the two older boys. Scott made one such report to Mahnomen County in August 2022, which Defendant Cristie Cahlin, a Mahnomen County Child Protection Services social worker, investigated and closed after she determined it was unsubstantiated.

　　　However, when Cahlin received a substantially similar report falsely accusing Amy and Karley of sexually abusing Amy's two young sons in December 2022, Cahlin quickly entered child maltreatment findings against Plaintiffs without constitutionally adequate safeguards. In fact, Cahlin refused to interview Amy and Karley, despite Plaintiffs requesting such interviews and a Minnesota state law *requiring* Cahlin to conduct face-to-

1

face interviews. See Minn. Stat. § 260E.20, subd. 2(b). Cahlin also refused to interview Plaintiffs' parents—at whose house the abuse allegedly occurred—even after the parents reached out to give statements. Moreover, Cahlin deliberately overlooked glaring inconsistencies and signs of coaching from R.M.'s forensic interview and ignored that S.M. *never* alleged or disclosed that either Plaintiff physically or sexually abused him. Defendant Julie Hanson, the Mahnomen County Social Service Director, denied Plaintiffs' requests for reconsideration, despite Cahlin's glaring failure to investigate the claims and violations of state law and professional norms.

As a result of Defendants' entering child abuse maltreatment findings without due process of law—findings which were eventually overturned by the Minnesota Department of Human Services Appeal Division—Plaintiffs suffered enduring mental and emotional distress. Amy was deprived of her constitutionally protected interest in the care, custody, and management of her minor children, who she could not see or even speak to for a year and a half because of the Defendants unsupported findings. Defendants also wrongly informed North Dakota and Minnesota teaching authorities that Karley had sexually abused the children and thereby caused reputational harm and threatened her constitutionally protected interest in her teaching license and public-school employment.

(2) Concise factual summary of defendant's claims/defenses:

Defendant Cristie Cahlin is employed by Mahnomen County in the position of Child Protection social worker and Defendant Julie Hanson is employed by Mahnomen County as the Director of Mahnomen County's Social Services Department. The actions taken by Defendants at issue in this matter were within the course and scope of their employment with Mahnomen County. Defendants deny they violated Plaintiffs' constitutional rights and maintain that the actions taken against Plaintiffs regarding the minor children referenced in Plaintiffs' Complaint were based on a good faith belief that child maltreatment had occurred. Defendants also allege that various doctrines of immunity may operate to shield them from liability for Plaintiffs' claims.

(3) Statement of jurisdiction (including statutory citations):

Plaintiffs bring this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourteenth Amendment to the United States Constitution, and 28 U.S.C. §§ 1331. The aforementioned statutory and constitutional provisions confer original jurisdiction over this action.

(4) Summary of factual stipulations or agreements:

Please see Defendants' Answer, Dkt. No. 10, for admissions and denials of particular factual allegations.

(5) Statement of whether a jury trial has been timely demanded by any party:

A jury trial has been timely demanded by Plaintiffs and Defendants.

(6) Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

The parties do not agree to resolve this matter under the expedited rules.

(b) Pleadings.

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

All process has been served and pleadings filed. Plaintiffs anticipate the potential to add additional defendants after completing preliminary discovery. The parties believe that a deadline of **June 30, 2025** for the same is appropriate.

(c) Fact Discovery.

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **February 14, 2025.**

(2) The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by: **September 15, 2025**.

(3) The parties must commence fact discovery procedures in time to be completed by **January 16, 2026.**

(4) The parties propose that the Court limit the use and numbers of discovery procedures as follows:

(A) ___35___ interrogatories per side;
(B) ___35___ document requests per side;
(C) ___15___ factual depositions per side;
(D) ___15___ requests for admissions per side;
(E) ____2___ Rule 35 medical examinations;  and

(d) Expert Discovery.

(1) The parties anticipate that they will require expert witnesses at the time of trial.

- (A) The plaintiff anticipates calling up to 4 experts in the fields of: constitutional liability, child protection, and one damages expert for each Plaintiff.

- (B) The defendant anticipates calling 4 experts in the fields of: constitutional liability, child protection, and one damages expert for each Plaintiff.

(2) The parties propose that the Court establish the following plan for expert discovery:

- (A) Initial experts.

  (i) The identity of any expert who may testify at trial on behalf of Plaintiffs must be disclosed on or before **August 22, 2025**. The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **August 22, 2025**.

  (ii) The identity of any expert who may testify at trial on behalf of Defendants must be disclosed on or before **October 24, 2025**. The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **October 24, 2025**.

- (B) Rebuttal experts.

  (i) The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before **December 5, 2025.** Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **December 5, 2025.**

(3) All expert discovery, including expert depositions, must be completed by **January 16, 2026**.

(e) Other Discovery Issues.

(1) Protective Order. The parties **have** discussed whether they believe that a protective order is necessary to govern discovery and **will** jointly submit a proposed protective order.

(The parties are encouraged, though not required, to use Form 6 as a template for a proposed protective order.)

(2) Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form in which it should be produced. The parties have reached the following agreements and identified the following issues:

4

**The parties have discussed the need to preserve electronically stored information, and the parties agree that documents stored in electronic form, such as e-mails, should be produced as PDFs. If the parties determine that any specific electronically stored information must be produced in its native format, the parties will confer and make efforts to find a mutually acceptable format for that production. The parties agree that unless compelling circumstances justify it, native formats of ESI should be produced upon request by another party. If a party objects to producing ESI in native format upon receipt of a request for it, the parties will seek the Court's assistance, and the party resisting production of the native file shall have the burden of demonstrating that compelling circumstances justify its position. If a party utilizes search terms to identify responsive ESI in responding to written discovery requests, it must disclose those terms to the other parties. If another party contends that additional search terms should be used, the parties shall confer. If the parties cannot reach an agreement on additional search terms, they will seek the Court's assistance.**

   (3) Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502.

   (4) The parties agree that a party should not be required to request an informal conference with the Court before filing a discovery motion.

(f) Proposed Motion Schedule.

   The parties propose the following deadlines for filing motions:

   (1) Motions seeking to join other parties must be filed and served by **June 30, 2025**.

   (2) Motions seeking to amend the pleadings must be filed and served by **June 30, 2025**.

   (3) All other non-dispositive motions shall be filed and the Hearing thereon completed prior to **February 16, 2026**.

   (4) All dispositive motions must be filed and served by **March 16, 2026.**

(g) Trial-Ready Date.

   (1) The parties agree that the case will be ready for trial on or after **July 16, 2026**.

   (2) The anticipated length of trial is **7 to 8** days.

(h) Insurance Carriers/Indemnitors.

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

**Mahnomen County is a member of the Minnesota Counties Intergovernmental Trust ("MCIT"). MCIT is a non-profit, self-insurance pool organized under Minn. Stat. § 471.59. MCIT provides coverage for Mahnomen County and its employees for liability protection with limits of $2,000,000 for any "occurrence" or "wrongful act" not within the scope of Minnesota Statute Chapter 466 or similar law, subject to a $6,000,000 annual aggregate limit of coverage.**

(i) Settlement.

(1) The parties propose that a settlement conference be scheduled to take place on **a day and time to be determined after a decision on dispositive motions and not less than 90 days before trial.**

(3) The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following: The parties **do not** believe alternative dispute resolution is appropriate at this time.

(j) Trial by Magistrate Judge.

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c). (If the parties agree to consent, file the consent with the Rule 26(f) Report.)

ROBINS KAPLAN LLP

DATE: January 7, 2025        /s/Greta A. Wiessner
                             Robert Bennett, #6713
                             Andrew J. Noel, #322118
                             Kathryn H. Bennett, #0392087
                             Marc E. Betinsky, #0388414
                             Greta A. Wiessner, #0401130
                             Julie C. Moroney, #0504300
                             Attorneys for Plaintiffs
                             800 LaSalle Ave, Suite 2800
                             Minneapolis, MN 55402
                             Telephone: 612-349-8500
                             rbennett@robinskaplan.com

anoel@robinskaplan.com
kbennett@robinskaplan.com
mbetinsky@robinskaplan.com
gwiessner@robinskaplan.com
jmoroney@robinskaplan.com

RINGSTROM DEKREY
Dane DeKrey, #0397334
814 Center Ave., Suite 5
Moorhead, MN 56560
Telephone: 284-0484
dane@ringstromdekrey.com

QUINLIVAN & HUGHES, P.A.

DATE: January 7, 2025            /s/Dyan J. Ebert
Dyan J. Ebert # 0237966
Cally Kjellberg-Nelson #0390443
Attorneys for Defendants
PO Box 1008
St. Cloud, MN 56302-1008
Telephone: (320) 251-1414
debert@quinlivan.com
ckjellberg-nelson@quinlivan.com