UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| Amy Allene Thorson and Karley Jo Thorson<br><br>    Plaintiffs,<br><br>vs.<br><br>Cristie Cahlin, acting in her individual capacity as a Mahnomen County Child Protection Worker and Julie Hanson, acting in her individual capacity as a Mahnomen County Child Protection Supervisor,<br><br>    Defendants. | Civ. No. 24-cv-03701 (LMP/LIB)<br><br><br><br><br><br>**DEFENDANTS' STATEMENT OF THE CASE** |

_____

Defendants Cristie Cahlin and Julie Hanson respectfully submit this Statement of the Case pursuant to the Court's Pretrial Scheduling Notice and Order dated December 13, 2024.

**Concise Statement of the Case:**

Defendant Cristie Cahlin is employed by Mahnomen County as a Child Protection social worker and Defendant Julie Hanson is employed by Mahnomen County as the Director of Mahnomen County's Social Services Department. Defendant Cahlin conducted a child protection investigation that resulted in determinations of maltreatment by Plaintiffs. Plaintiffs' request for reconsideration of the maltreatment determinations was denied by Defendant Hanson. Plaintiffs thereafter appealed the determinations and, following separate

hearings that took place before two Administrative Law Judges, the determinations were overturned.

Plaintiffs' have asserted claims of constitutional violations by Defendants pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourteenth Amendment to the United States Constitution, and 28 U.S.C. §§ 1331. Defendants have denied Plaintiffs' claims and asserted various affirmative defenses.

**<u>Listing of particularized facts which support the claimed liability or defenses, including applicable statutes:</u>**

The actions taken by Defendants at issue in this matter were within the course and scope of their employment with Mahnomen County. Defendants deny they violated Plaintiffs' constitutional rights and maintain that the actions taken against Plaintiffs regarding the minor children referenced in Plaintiffs' Complaint were based on a good faith belief that child maltreatment had occurred.

Defendants also allege that various doctrines of immunity may operate to shield them from liability for Plaintiffs' claims, including immunity afforded pursuant to Minn. Stat. §260E.34(b) of the Reporting of Maltreatment of Minors Act which provides immunity for civil or criminal liability of a social worker related to their actions in performing their duties provided the social worker is (1) acting in good faith and exercising due care, or (2) acting in good faith and following the information collection procedures established under 260E, subdivision 3. Additionally, the doctrine of quasi-judicial immunity may also extend to the reports filed by Defendants and shield them from liability in this matter. <u>Myers</u>

2

through Myers v. Price, 463 N.W.2d 773, 775 (Minn. Ct. App.1990), pet. for rev. denied (Minn. Feb. 4, 1991). Further, because Defendants acted on a reasonable suspicion of child abuse, they may also be entitled to qualified immunity. Mitchell v. Dakota Cnty. Soc. Services, 959 F.3d 887, 902 (8th Cir. 2020). Depending on the discovery that develops in this matter, other defenses and immunities may also apply and undermine Plaintiffs' claims against Defendants.

**Itemization and explanation of any claimed damages:**

Not applicable to Defendants.

QUINLIVAN & HUGHES, P.A.

Dated: January 7, 2025   By:   /s/Dyan J. Ebert
Dyan J. Ebert # 0237966
Cally Kjellberg-Nelson #0390443
Attorneys for Defendants
PO Box 1008
St. Cloud, MN 56302-1008
(320) 251-1414
debert@quinlivan.com
ckjellberg-nelson@quinlivan.com