**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Amy Allene Thorson and Karley Jo
Thorson

      Plaintiffs,

vs.

Cristie Cahlin, acting in her individual
capacity as a Mahnomen County Child
Protection Worker and Julie Hanson,
acting in her individual capacity as a
Mahnomen County Child Protection
Supervisor,

      Defendants.

Case No. 24-cv-3701 (LMP/LIB)

**PROTECTIVE ORDER**

---

Upon consideration of the parties' Stipulation for Protective Order [Docket No. 16], as slightly modified by the Court pursuant to its inherent authority to manage the cases that are pending before the Court,

**IT IS HEREBY ORDERED THAT**:

1.    As used in the Protective Order, these terms have the following meanings:

    a.   "Attorneys" means the undersigned counsel of record;

    b.   "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

    c.   "Confidential" documents are documents designated pursuant to paragraph 2;

    d.   "Qualified persons" means those individuals listed in paragraph 7;

    e.   "Outside vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys, and;

    f.   "Written Assurance" means an executed document in the form attached as Exhibit A to the Stipulation for Protective Order.

2.    Subject to the provisions below, Defendants may produce in discovery in this action data, documents, or information that constitute or contain data classified as not public or otherwise protected under the Minnesota Government Data Practices Act, Minn. Stat. § 13.01, et seq. ("MGDPA"). To the extent a court order is required under the MGDPA as a condition precedent to the production of not public data that is otherwise discoverable under Fed. R. Civ. P. 26, this Protective Order shall constitute a court order, and Defendants or any non-party may rely on this Protective Order as a legal basis for producing such not public data.

3.    A party may designate documents as "Confidential" to protect information within the scope of Fed. R. Civ. P. 26(c) or the Minnesota Government Data Practices Act, including but not limited to the following:

    a.    Personnel records of individuals whose employment falls under Minn. Stat. § 13.43.

    b.    Any other data or information Defendants claim are "not public data", "non-public data", "confidential", "private data on individuals", and "protected non-public data" as defined by Minn. Stat. §13.02, subject to Plaintiffs' right to challenge such designations in accordance with paragraph 4 below.

    c.    Medical records, mental health records, tax returns, financial records and information or any other information by virtue of its nature or pursuant to law that would be considered confidential.

4.    A document designated "Confidential" may be so designated regardless of the manner in which it was obtained by the party making the designation, and any material produced prior to the date of the Stipulation may be designated retroactively. The designation shall be made by stamping, marking, or otherwise identifying the material as "Confidential". Such designations

may be made on answers to interrogatories, answers to other discovery requests, disclosures made pursuant to Rule 26, material produced by third parties in response to subpoenas *duces tecum*, and deposition transcripts. Once so designated, the "confidential material" shall be subject to the terms of the parties' Stipulation and the Protective Order, except that any party wishing to challenge the designation of any document as "Confidential" may bring a motion to remove the designation.

5.     Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

6.     Where documents are disclosed by a non-party pursuant to deposition, a subpoena *duces tecum*, or otherwise, such documents will be reviewed initially only by counsel, and either party shall have seven days from the date of such production to designate any such documents as "Confidential."

7.     With respect to documents designated "Confidential" in accordance with this Stipulation and the Protective Order, said documents may only be released to:

   a.   Plaintiffs and Defendants; the parties' attorneys of record, including their legal assistants, secretarial and clerical staff and other staff; Mahnomen County representatives, including County Board members and employees who are involved in the defense of the claim or whose job duties reasonably require them to be consulted regarding settlement discussions relating to this matter, as well as representatives from the Minnesota Counties Intergovernmental Trust;

   b.   the Court and its staff;

c.  outside consultants and experts retained by the parties for the purpose of assisting in the preparation for trial, settlement or mediation of this case;

d.  any individual to whom all of the parties have consented to assist in mediation of this dispute;

e.  witnesses who will testify at trial, depositions or other proceedings;

f.  court reporters and videographers retained to transcribe testimony;

g.  persons shown on the face of the document to have authored or received it.

8.  Before making disclosure of documents designated "Confidential" to any individual identified in paragraph 7 (c), the individual must be informed by the person disclosing the documents designated "Confidential" of the existence of the Protective Order and the individual must agree in writing to be bound by the Order through execution of Exhibit A to the Stipulation for Protective Order.

9.  No part of the documents designated "Confidential" shall be used, communicated, or disclosed by any person receiving it for any purpose other than preparation for or participation in discovery, trial, motions, mediation or settlement of this matter.

10.  There shall be no reproduction whatsoever of the documents designated "Confidential" except what is required for the purposes specified in this Order. Copies, excerpts or summaries may be shown or given to those authorized to receive the data as specified by this Protective Order.

11.  If documents designated "Confidential" are referred to by parties in depositions, those portions of the depositions in which the "confidential material" is referenced may be designated as "confidential" and be subject to this Confidentiality Agreement and the Protective Order. Confidentiality designations for depositions shall be made either on the record or by written

notice to the other party within fourteen (14) days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the fourteen-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

12.     If a party files documents with the Court containing information designated as protected pursuant to the terms of this Protective Order, the filings must be in compliance with the Electronic Case Filing Procedures for the District of Minnesota.  The parties are advised that designation by a party of a document as protected pursuant to the terms of this Order **cannot** be used as the sole basis for filing the document under seal in connection with either a nondispositive motion, dispositive motion, trial related motion, or trial.  Only those documents and portions of a party's submission, or any part thereof, which otherwise meets requirements for protection from public filing under Federal Rule 26(c) (or in addition, but not limited to, under a statute, rule or regulation prohibiting public disclosure, other specific Order of the Court, or other legal authority) shall be filed under seal.  If a party intends to file with the Court a document designated by another party as protected pursuant to the terms of this Order, then that filing party shall provide reasonable advance notice to the designating party of such intent so that the designating party may determine whether or not they should seek to require the protected document to be filed under seal.  **The filing of documents under seal must comply with Rule 5.6 of the Local Rules of the United States District Court for the District of Minnesota.**  Further, any party intending to file a document under seal shall specifically review each document and the information therein to determine whether or not there is a good faith basis to believe that any privacy interest therein for sealing the document will ultimately outweigh the public's right to access filings on the Court's

docket; only documents that meet this good faith basis should be considered for filing under seal so as to limit the unnecessary and problematic filing of excessive documents under seal.

13.     Nothing in this Order shall prevent any party or non-party from seeking a modification of this Order or objecting to discovery that it believes to be otherwise improper. If any other Court of competent jurisdiction deems the non-public data, or any portion thereof, public or authorizes the public disclosure of the data, or any portion thereof, the parties shall be relieved of the restrictions of this Protective Order, but only as to the portion of the non-public data held to be public or authorized to be disclosed by said Court.

14.     The provisions of this Order shall not be construed as in any manner limiting the introduction of evidence at trial in this matter.

15.     It is understood and agreed that the Stipulation is entered into by Plaintiff and Defendant without prejudice to their future characterization of the "not public data", "non-public data", "confidential", "private data on individuals", and "protected non-public data", future rights to access the non-public data, and any requests for judicial determination of the legal status of said non-public data.

16.     Within 60 days of the termination of this litigation, counsel shall destroy all copies of documents designated "Confidential," except that counsel may retain one copy of the data to properly maintain a true and complete copy for their respective file.

17.     The obligations set forth in this Protective Order are continuing and shall not only be in force for the period of this litigation, but shall remain in effect subsequent to its termination so as to protect the confidentiality of documents designated "Confidential."

DATED: February 14, 2025                    s/Leo I. Brisbois
                                            Hon. Leo I. Brisbois
                                            U.S. MAGISTRATE JUDGE

**EXHIBIT A**

**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____ in the City of

_____, County of _____, State of _____. My

telephone number is _____.

I am currently employed by _____, located at

_____, and my current job title is

_____.

I have read and I understand the terms of the Protective Order dated _____,

filed in Case No. 24-cv-3701 (LMP/LIB) pending in the United States District Court for the

District of Minnesota. I agree to comply with and be bound by the provisions of the Protective

Order. I understand that any violation of the Protective Order may subject me to sanctions by the

Court.

I shall not divulge any documents, or copies of documents, designated "Confidential"

obtained pursuant to such Protective Order, or the contents of such documents, to any person other

than those specifically authorized by the Protective Order. I shall not copy or use such documents

except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall

return to the attorney from whom I have received them, any documents in my possession

designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and

indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____          _____
                        (Date)                                          (Signature)